IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEAN CARBAJAL, and LUIS LEAL,<br><br>Plaintiffs,<br><br>v.<br><br>MARIA GUZMAN, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 4:10CV3200<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiffs Dean Carbajal ("Carbajal") and Luis Leal's ("Leal") "Complaint and Demand for Jury" and "Motion for Removal." (Filing Nos. 1 and 12.) As set forth below, the court liberally construes Carbajal and Leal's "Motion for Removal" as a notice of removal filed pursuant to 28 U.S.C. § 1441 and remands this matter to state court. In addition, to the extent Carbajal and Leal seek to bring a separate federal action in this matter, the court abstains from exercising jurisdiction over it.

## *I. BACKGROUND*

### A. Nebraska Proceedings

On May 8, 2009, Mary Guzman[1] ("Guzman") filed a complaint against Leal and several others in the District Court of Scotts Bluff County, Nebraska, in which she sought the partition of real estate located in Scotts Bluff, Nebraska, pursuant to

[1]Carbajal and Leal have named "Maria Guzman" as Defendant in this action. However, it appears from their subsequent filings, as well as from Defendants' filings, that "Maria Guzman" is actually Mary Guzman.

Neb. Rev. Stat. § 25-2170. (Filing No. 67-1, Attach. 1, at CM/ECF pp. 6-12.) Leal answered Guzman's complaint on June 5, 2009. (*Id.* at CM/ECF p. 14.)

On November 2, 2010, Carbajal filed a motion to intervene as defendant in the state court proceedings. (*Id.* at CM/ECF pp. 66-70.) The record does not demonstrate, and Carbajal does not allege, that the court has ruled on his motion to intervene as defendant. Indeed, by Carbajal's own admission, he is not currently a defendant in the state court proceedings. (Filing No. 67 at CM/ECF p. 4.)

## B. Federal Proceedings

Carbajal and Leal filed a "Complaint and Demand for Jury" in this court on October 8, 2010, in which they named the following defendants: (1) Guzman; (2) Robert Brenner ("Brenner"), Guzman's attorney in the state court proceedings; (3) Richard Kleager ("Kleager"), Leal's former attorney in the state court proceedings; (4) Charlene Mendoza ("Mendoza")[2]; (5) State of Nebraska; (6) Unknown State Entity Employer of Guzman; and (7) Holyoke, Hofmeister, Snyder & Chaloupka. (Filing No. 1.) Carbajal and Leal's Complaint is nearly identical to a document they filed in the state court proceedings setting forth their counterclaims and cross claims against substantially the same individuals named as defendants in this matter. (*Compare* Filing No. 1 *and* Filing No. 67-2, Attach. 2, at CM/ECF p. 1.) In these two filings, Carbajal and Leal allege numerous state law claims against these individuals, and one federal constitutional claim. (Filing No. 1.)

On December 8, 2010, Carbajal and Leal filed a "Motion for Removal." (Filing No. 12.) Thereafter, Brenner and Guzman filed Motions to Remand asserting,

---

[2]Carbajal and Leal refer to Mendoza as "Unknown Notary" in the caption of their Complaint, but later identify her as Charlene Mendoza. (Filing No. 1 at CM/ECF p. 2.)

among other things, that Carbajal and Leal failed to file a notice of removal within 30 days after receipt of the complaint in the state court proceedings, as required by 28 U.S.C. § 1446. (Filing Nos. 15 and 29.)

## *II. REMOVAL*

As set forth above, Carbajal and Leal initially filed a document in this matter entitled "Complaint and Demand for Jury." (Filing No. 1.) Thereafter, they filed a "Motion for Removal" in which they asked the court to remove an action currently pending in state court to federal court. (Filing No. 12.) In light of this, the court liberally construes Carbajal and Leal's "Motion for Removal" as a notice of removal filed pursuant to 28 U.S.C. § 1441.

The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

28 U.S.C. § 1441. The procedure for removal is set forth in 28 U.S.C. § 1446, which provides that:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(a)-(b).

Courts are required to construe removal statutes narrowly and any doubts should be resolved in favor of remanding the case back to state court. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The party seeking to remove the action from state court bears the burden of showing that removal is proper by a preponderance of the evidence. *Id.*

As set forth above, Carbajal is not a defendant in the state court proceedings. (Filing No. 67 at CM/ECF p. 4.) Thus, he cannot remove the case under 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*. . . ." 28 U.S.C. § 1441(a).

Here, Leal is a defendant in the underlying state court proceedings. He answered Guzman's complaint in state court as early as June 5, 2009, yet he did not file a notice of removal in this court until December 8, 2010. (Filing No. 67-1,

Attach. 1, at CM/ECF p. 14.) As such, there is no question that his notice of removal was filed more than 30 days after his receipt of the initial pleading. Because Leal failed comply with the procedure for removal set forth in 28 U.S.C. § 1446(b), this matter will be remanded back to the District Court of Scotts Bluff County, Nebraska. *State Farm Fire and Cas. Co. v. Valspar Corp., Inc.*, No. 09-5056, 2010 WL 3834331, at *8 (D.S.D. Sept. 24, 2010) (reiterating the statutory time limits for removal of cases are mandatory and are to be construed against conferring federal jurisdiction).

## *III. ABSTENTION*

It is unclear whether Carbajal and Leal also seek to bring a separate federal action. To the extent they do, the court abstains from exercising jurisdiction over the matter under the abstention doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).[3]

### A. Abstention Doctrine

Under *Colorado River*, a federal court may abstain only when there is a "parallel" proceeding pending in the state court. If there are pending parallel state and federal proceedings, a federal court may divest itself of jurisdiction only when exceptional circumstances warrant abstention. *Id.* at 817-818. The Eighth Circuit Court of Appeals delineated the following six non-exhaustive factors to determine whether exceptional circumstances warrant abstention:

[3]To the extent Carbajal and Leal seek to bring a federal action, it appears from the face of the complaint that this court has diversity jurisdiction because complete diversity exists and the amount in controversy alleged exceeds $75,000. *See* 28 U.S.C. § 1332.

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority-not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (quoting *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006)).

## B. Parallel Proceeding

The court must first determine whether the state court proceeding and the instant action are parallel. The Eighth Circuit Court of Appeals has explained that state and federal proceedings are parallel for purposes of *Colorado River* abstention "when substantially similar parties are litigating substantially similar issues in *both* state and federal court." *Fru-Con*, 574 F.3d at 535. In addition, "a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.*

Here, the state court proceeding and the instant action are parallel. The Complaint filed in this action raises identical claims to those already raised by Carbajal and Leal in state court. (*Compare* Filing No. 1 *and* Filing No. 67-2, Attach. 2, at CM/ECF p. 1.) Further, these claims are raised against "substantially similar parties." For these reasons, "there is a substantial likelihood that the [state proceedings] will fully dispose of the claims presented in federal court." *Fru-Con*, 574 F.3d at 535. As such, the court finds the state court proceedings and the instant

action are parallel. The court will now consider whether exceptional circumstances exist to warrant abstention.

## C. *Colorado River* Factors

As set forth below, two of the *Colorado River* factors—threat of piecemeal litigation and the progress of the state court proceedings—establish exceptional circumstances that warrant abstention. The court has considered the remaining factors and finds them neutral in its analysis and therefore gives them no weight in its exceptional circumstances determination.

### 1. Threat of piecemeal litigation

The Eighth Circuit Court of Appeals has made it clear that "this is the predominant factor" in the exceptional circumstances analysis because the policies underlying *Colorado River* abstention are the "conservation of judicial resources and comprehensive disposition of litigation." *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc.*, 48 F.3d 294, 297-98 (8th Cir. 1995).

Carbajal and Leal have raised identical claims in this court and in state court against substantially similar parties. (*Compare* Filing No. 1 *and* Filing No. 67-2, Attach. 2, at CM/ECF p. 1.) The factual allegations are exactly the same in both matters. (*Compare* Filing No. 1 at CM/ECF pp. 3-5 *and* Filing No. 67-2, Attach. 2, at CM/ECF pp. 3-6.) Further, the claims are identical in both matters. For instance, in both matters, Plaintiffs' allege the following: (1) Guzman, Kleager, and Brenner have committed fraud, elder abuse, embezzlement, and breach of fiduciary duty (*compare* filing no. 1 at CM/ECF p. 6 *and* filing no. 67-2, attach. 2, at CM/ECF p. 6); (2) Kleager has committed malpractice (*compare* filing no. 1 at CM/ECF p. 1 *and* filing no. 67-2, attach. 2, at CM/ECF p. 11); (3) Brenner has committed slander and libel (*compare* filing no. 1 at CM/ECF p. 13 *and* filing no. 67-2, attach. 2, at CM/ECF

p. 14); (4) Mendoza and her employer have committed negligence (*compare* filing no. 1 at CM/ECF p. 15 *and* filing no. 67-2, attach. 2, at CM/ECF p. 17); and (5) Mendoza's employer failed to properly train her (*compare* filing no. 1 at CM/ECF p. 16 *and* filing no. 67-2, attach. 2, at CM/ECF p. 17). With the exception of one federal constitutional claim, these claims are entirely state-law claims.[4] As such, it is entirely possible that this court and the state court could render inconsistent rulings on these claims. Accordingly, the court finds this factor weighs heavily in favor of abstention.

**2. Progress of the state court proceeding**

This factor "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 (1983). As such, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Id.* at CM/ECF p. 22.

Here, the state court action has been pending since May 8, 2009, and the parties have engaged in over one year of discovery and legal wrangling. (*See* Filing No. 67-

[4]Plaintiffs recently filed a Motion for Leave to Amend Complaint. (Filing No. 59.) Plaintiffs' proposed amended complaint is nearly identical to their original complaint, except that Plaintiffs have inserted references to various federal constitutional provisions. (*Compare* Filing No. 1 *and* Filing No. 59-1, Attach. 1, at CM/ECF pp. 3-5.) For example, under each cause of action, Plaintiffs have added statements that Defendants' conduct generally violates "procedural due process." (*See* Filing No. 59-1, Attach. 1, at CM/ECF pp. 6-13.) However, these conclusory statements have not altered the substance of Plaintiffs' state-law claims, and the factual allegations in Plaintiffs' Complaint are identical to those in their proposed amended complaint. (*Compare* Filing No. 1 at CM/ECF pp. 3-5 *and* Filing No. 59-1, Attach. 1, at CM/ECF pp. 3-5.) Further, the mere mention of phrases like "due process" are not sufficient to state a federal claim. *See Anthon v. Dep't. of Veterans Affairs*, No. 09-CV975, 2009 WL 3739435, at *1 (E.D.Wis. Nov. 4, 2009).

1, Attach. 1, at CM/ECF pp. 15-49.) Further, a review of the record reveals that there are complex state-law matters pending in state court pertaining to Leal's competence and to Carbajal's request to appear as Leal's guardian in the state court proceedings, as well as Carbajal's motion to intervene as defendant. (*Id.* at CM/ECF pp. 60-78.) It is readily apparent from the state court records that significant progress has been made in the state court proceedings, and it would make little sense for this court to now preside over this matter while the state court matter is pending. As such, this factor weighs heavily in favor of abstention.

To summarize, the court finds that this action and the state proceedings are parallel for the purposes of *Colorado River* abstention. In addition, the court finds that the threat of piecemeal litigation and the progress of the state proceedings relative to this action weigh heavily in favor of abstention. As such, to the extent Carbajal and Leal seek to bring a separate federal action in this matter, the court abstains from exercising jurisdiction over it.

IT IS THEREFORE ORDERED that:

1. Leal and Carbajal's "Motion for Removal" (filing no. 12) is denied and this matter is remanded to the District Court of Scotts Bluff County, Nebraska.

2. The court directs the Clerk of the court to mail a certified copy of this order to the Clerk of the District Court of Scotts Bluff County, Nebraska, and may take any other action necessary to effectuate the remand.

3. All pending motions are denied as moot without prejudice to reassertion in the state court action.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 5th day of April, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.